IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE MOSKOWITE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>EVEREN CAPITAL CORPORATION GROUP DISABILITY INCOME PLAN,<br><br>　　　　Defendant<br>_____/ | No. C-03-4666 MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER; STAYING DISCOVERY ON DEFENSE OF UNCLEAN HANDS; VACATING HEARING** |

　　　Before the Court is defendant Everen Capital Corporation Group Disability Income Plan's motion for leave to amend its answer, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. Plaintiff George Moskowite has filed opposition, to which defendant has replied. Having reviewed the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for decision on the papers, VACATES the hearing scheduled for December 9, 2005, and rules as follows.

　　　Defendant seeks to amend its answer to assert the affirmative defense of unclean hands. In particular, defendant seeks to allege that although plaintiff, in support of his claim for disability benefits, advised defendant that he did not work at a winery he and his family owns, he was, in fact, engaging in work activities at the winery.

　　　In considering whether to allow amendment, a district court considers four factors:

1  "bad faith, undue delay, prejudice to the opposing party, and futility of amendment."  See
2  DCD Programs, Ltd. v. Leighton, 833 F. 2d 183, 186 (9th Cir. 1987).[1]
3       For the reasons stated in defendant's motion and reply, the Court finds that
4  defendant has not acted with undue delay.  In particular, as defendant correctly notes,
5  plaintiff knew of defendant's intention to rely on the defense of unclean hands as of
6  September 2004, and the parties briefed the merits of the defense in connection with
7  defendant's motion for summary judgment filed in October 2004, which motion was taken
8  under submission in November 2004.  In August 2005, when the Court issued its order
9  resolving defendant's motion for summary judgment,[2] the Court directed the parties to file a
10 joint statement, no later than October 14, 2005, to address "the procedure by which the
11 merits of the defense of unclean hands should be determined."  (See Order, filed August
12 10, 2005, at 15.)  Under these circumstances, defendant's filing of the instant motion on
13 November 10, 2005 did not involve undue delay.  Moreover, even if the delay can be
14 characterized as undue, "[u]ndue delay by itself, . . . is insufficient to justify denying a
15 motion to amend."  See Bowles v. Reade, 198 F. 3d 752, 758 (9th Cir. 1999).  Rather, an
16 order denying a motion to amend must be supported by a "specific finding of prejudice to
17 the opposing party, bad faith by the moving party, or futility of the amendment."  See id.  As
18 is explained, infra, however, no such "specific finding" is appropriate.
19      Plaintiff argues it will be prejudiced by amendment because the proposed new
20 affirmative defense will require the parties to engage in discovery, thereby delaying
21 resolution of the case.  As the Ninth Circuit has held, however, a party is not deemed
22 prejudiced merely because of a delay in the ultimate resolution of a case.  See Bateman v.

---

[1] Plaintiff argues that the "good cause" standard set forth in Rule 16(b) governs the instant motion.  See Fed. R. Civ. P. 16(b) (providing pretrial scheduling order "shall not be modified except upon a showing of good cause").  As defendant points out, however, the pretrial scheduling order filed April 28, 2004 does not include a deadline to file a motion to amend.  Indeed, the April 28, 2004 does not address the issue, as it did not appear at such time that any amendment was contemplated.

[2] The order included a memorialization of an earlier-stated oral ruling that resolution of the defense of unclean hands was premature.

2

United States Postal Service, 231 F. 3d 1220, 1224-25 (9th Cir. 2000) (holding delay in conducting trial does not, standing alone, constitute prejudice).  Plaintiff has been on notice of the grounds of the defense for well over a year, and does not argue that his ability to respond thereto has been adversely affected by the passage of time.

Plaintiff also denies making a misrepresentation, and, based on such denial, asserts defendant is acting in bad faith and that the proposed amendment is futile.  These assertions, however, are premised on the theory defendant will not prevail on the merits of the proposed unclean hands defense, an issue not presently before the Court.  See Miller v. Rykoff-Sexton, Inc., 845 F. 2d 209, 214 (9th Cir. 1988) (rejecting plaintiff's argument that newly-proposed affirmative defense was futile because defendant would be unable to establish defense on its merits; holding "proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)").

Finally, plaintiff argues that the proposed amended answer defendant submitted with its moving papers does not comply with the specification requirement of Rule 9(b).  Plaintiff's point is well-taken.  Contrary to defendant's argument, the proposed new affirmative defense is subject to Rule (9)(b) because the defense is based on an "averment of fraud."  See Fed. R. Civ. P. 9(b).  Defendant, however, has submitted a second proposed amended answer, which pleading appears to meet the specificity requirements of Rule 9(b).  (See Proposed Amended Answer to Complaint, lodged December 1, 2005.)[3]

Accordingly, there being no sufficient showing of bad faith, undue delay, prejudice, or futility, the Court will allow defendant to amend its answer to assert the affirmative defense of unclean hands.

//

//

---

[3] Specifically, the second proposed amended answer sets forth the content of the statement plaintiff allegedly made to defendant, the person to whom the statement was made, the date the statement was made, and the assertedly true set of facts inconsistent with the statement.

**CONCLUSION**

For the reasons stated above, defendant's motion for leave to file an amended answer is hereby GRANTED. Defendant shall file its amended answer no later than December 16, 2005.

In light of defendant's representation that it will not seek discovery on the defense of unclean hands until after the Court has ruled on the merits of plaintiff's claim for benefits, the Court hereby STAYS discovery on said defense pending resolution of plaintiff's claim. In the event plaintiff may seek to obtain discovery on said defense during such period, the Court will entertain a motion to lift the stay.

**IT IS SO ORDERED.**

Dated:  December 7, 2005

MAXINE M. CHESNEY
United States District Judge