IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE MOSKOWITE,<br><br>　　　　Plaintiff,<br>　v.<br><br>EVEREN CAPITAL CORPORATION GROUP DISABILITY INCOME PLAN,<br><br>　　　　Defendant | No. C-03-4666 MMC (MED)<br><br>**ORDER GRANTING IN PART, DENYING IN PART AND DEFERRING RULING IN PART ON DEFENDANT'S MOTION TO STRIKE; MODIFYING BRIEFING SCHEDULE AND CONTINUING HEARING** |

　　　　Before the Court is defendant's motion, filed January 20, 2006, to strike Plaintiff's Opening Trial Brief ("Brief"). Defendant argues that the Brief, which is 42 pages in length, should be stricken because it exceeds the 25-page limit applicable to motions, see Civil L. R. 7-2(b), and, alternatively, that sections of the Brief should be stricken because they contain argument not properly before the Court at this time. Additionally, defendant argues that certain exhibits attached to the Declaration of Robert J. Rosati, filed January 13, 2006, should be stricken as outside the administrative record.

　　　　The standard of review applicable to plaintiff's claim for judicial review of the denial of his request for disability benefits is abuse of discretion, not review de novo. (See Order, filed August 10, 2005, at 14:18-19.) The appropriate procedural mechanism to decide the legal issue of whether a plan administrator has abused its discretion is a motion for summary judgment. See Occidental Engineering Co. v. INS, 753 F. 2d 766, 770 (9th Cir.

1985) (holding motion for summary judgment is "appropriate mechanism" for deciding whether administrative agency has abused its discretion); see, e.g., Boyd v. Bert Bell/Pete Rozelle NFL Players Retirement Plan, 410 F. 3d 1173, 1178 (9th Cir. 2005) (reviewing district court's order granting summary judgment in ERISA action where district court had reviewed record for abuse of discretion). Consequently, plaintiff's Brief will be construed as a motion for summary judgment.

Unless permission to file an oversized memorandum is requested and granted, a motion shall be no more than 25 pages in length. See Civil L.R. 7-2(b), 7-4(b). In the instant case, plaintiff did not submit a request to file a motion in excess of 25 pages. Nevertheless, given the length of the administrative record, plaintiff's use of 32 pages, to address the issue of whether defendant abused its discretion, was not unreasonable. Accordingly, the Court will allow the memorandum to stand to the extent it consists of 32 pages of points and authorities addressing abuse of discretion, and will grant defendant permission to file an opposition of up to 32 pages in light thereof.

The sections of the Brief that do not address the issue of whether defendant abused its discretion, specifically, pages 33:2 - 41:15, are, as defendant points out, not properly before the Court at this time. First, plaintiff's argument based on judicial estoppel was previously rejected by the Court. (See Order, filed August 10, 2005, at 5:25 - 7:1.)[1] Second, the section addressing remedies is premature.[2] Accordingly, those sections of the Brief will be stricken, the latter of the two without prejudice.

To the extent defendant's motion seeks to strike exhibits offered by plaintiff, on the ground such exhibits are not part of the administrative record, the Court will defer ruling pending the hearing on plaintiff's motion for summary judgment. (See Order, filed November 7, 2005 (directing parties to brief not only merits of denial of benefits but also

---

[1] Plaintiff has not filed a motion for leave to file a motion for reconsideration. See Civil L.R. 7-9.

[2] In the event plaintiff prevails on the issue of abuse of discretion, and defendant is unable to establish its affirmative defense of unclean hands, the Court will request briefing on the issue of remedies.

need, if any, to supplement record; setting hearing with respect thereto).)

## CONCLUSION

For the reasons stated, defendant's motion to strike is hereby GRANTED in part, DENIED in part, and ruling thereon is DEFERRED in part, as follows:

1. Defendant's motion to strike is hereby GRANTED as to the sections of the Brief addressing the issues of judicial estoppel and remedies, specifically pages 33:2 - 41:15, and, such pages are hereby STRICKEN; in all other respects, defendant's motion to strike the Brief is hereby DENIED.

2. Defendant is hereby GRANTED permission to file an opposition not to exceed 32 pages in length.

3. The Court DEFERS ruling on defendant's motion to strike certain exhibits attached to the Declaration of Robert J. Rosati.

4. The Court's minute order, filed November 7, 2005, setting a briefing schedule, is hereby MODIFIED as follows:

    a. Defendant's opposition shall be filed no later than February 10, 2006.

    b. Plaintiff's reply shall be filed no later than February 24, 2006.

    c. The hearing is continued from March 10, 2006 to March 17, 2006.

**IT IS SO ORDERED.**

Dated: February 1, 2006

MAXINE M. CHESNEY
United States District Judge