IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GEORGE MOSKOWITE,

    Plaintiff,

v.

EVEREN CAPITAL CORPORATION GROUP DISABILITY INCOME PLAN,

    Defendant

No. C-03-4666 MMC

**ORDER DENYING PLAINTIFF'S REQUEST TO VACATE PORTION OF ORDER OF AUGUST 10, 2005; DEFERRING RULING ON PLAINTIFF'S REQUEST FOR OPPORTUNITY TO REBRIEF MERITS OF CLAIM FOR BENEFITS**

    Before the Court are the parties' respective supplemental briefs, submitted in light of Abatie v. Alta Health & Life Ins. Co., 458 F. 3d 955 (9th Cir. 2006).[1]

    Plaintiff requests that the Court vacate its order of August 10, 2005, to the extent such order found abuse of discretion review to be applicable. Plaintiff correctly notes that the Ninth Circuit, in Abatie, has revised the methodology by which a district court determines whether an abuse of discretion or de novo review applies. See id. at 965 ("When a plan confers discretion, abuse of discretion review applies; when it does not, de novo review applies."). Here, however, the Court's prior ruling that abuse of discretion review applies is correct under the revised methodology set forth in Abatie because, as set forth in the Court's order of August 10, 2005, "the plan language includes language that

---

[1] Plaintiff's supplemental brief was filed September 29, 2006; defendant's supplemental brief was filed October 6, 2006.

1  unambiguously provides the administrator with authority to determine eligibility for benefits
2  and to construe the terms in the plan: '[Defendant] shall possess the authority, in its sole
3  discretion, to construe the terms of this policy and to determine eligibility hereunder.'" (See
4  Order, filed August 10, 2005, at 7:11-15 (quoting Gray Decl. Ex. A at P-025).)

Accordingly, plaintiff's request to vacate the portions of August 10, 2005 pertaining to the standard of review is hereby DENIED.

With respect to the pending motions for summary judgment, which address the issue of whether defendant abused its discretion when it denied plaintiff's claim for benefits, plaintiff argues that the Court should order the parties to rebrief the matter after plaintiff has had an opportunity to conduct additional discovery. By separate order filed concurrently herewith, the Court has referred plaintiff's request for additional discovery to a Magistrate Judge.

Accordingly, the Court DEFERS ruling on plaintiff's request that the parties be ordered to rebrief the issue of whether defendant abused its discretion, until after the assigned Magistrate Judge has ruled on plaintiff's request for additional discovery.

**IT IS SO ORDERED.**

Dated: November 2, 2006

_____
MAXINE M. CHESNEY
United States District Judge